PER CURIAM:
Claimant brought this action for vehicle damage sustained when his vehicle encountered a sharp turn after crossing a bridge on Route 16, locally known as Princeton Gamer Road, near Princeton. At this location, Route 16 is maintained by respondent in Mercer County. The Court is of the opinion to deny this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred on January 9, 2000, at approximately 10:30 p.m. Claimant was traveling southbound on Route 16 in his 1991 Pontiac Firebird GTA at a speed of about twenty-five miles per hour. This occasion was claimant’s first time driving on this road at night. The weather was foggy and the roadway was wet. At this location, Route 16 is a two-lane asphalt road with double yellow lines indicating the center of the road and white lines on each edge of the pavement. Claimant testified that when he drove across a bridge, he was unable to observe the turn to .his right on the westerly side of the road. However, he did indicate that he observed an orange “thirty miles per hour” road sign at the turn. He tried to maneuver his vehicle through the turn, but he lost control of his vehicle. The vehicle then slid off the road surface, breaking through a fence and striking a telephone pole. Claimant sustained minor personal injures. Afterwards, a member of the West Virginia State Police investigated this incident. The certified police report tendered by claimant indicated that the contributing circumstances to the incident were that claimant’s vehicle exceeded a safe speed and that there were other roadway defects.[1] The report does not mention any roadway defects specifically. Claimant contends that the road configuration was the proximate cause of his incident. Since the sustained damage was estimated to exceed the value of the vehicle, the vehicle was deemed to be “totaled.” Claimant paid $5,000.00 for the vehicle, but the vehicle had a blue book value of $6,600.00.
*278 The position of respondent is that it did not have notice of any problem with the curve or the road condition on Route 16 in Mercer County. According to West Virginia State Police Sergeant John C. Gillispie, the investigating officer, the proximate cause of this incident was claimant’s vehicle was exceeding a safe speed. Sgt. Gillispie tendered his original police report. The report made no indication of any roadway defects or hazards, as did the copy of the report tendered by claimant. Sgt. Gillispie further testified that this was the only incident that he had encountered at this location.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, claimant must prove that respondent had actual or constructive n otice o f t he de feet a nd a reasonable t ime tot ake c orrective a ction. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In this claim, the evidence failed to establish that respondent was negligent in its maintenance of Route 16 in Mercer County. Claimant should have exercised greater care under the then and there existing road conditions. Moreover, claimant proffered a document purporting to be a certified copy of the original police report. This document appears to the Court to have been altered as established by the testimony of the investigating officer. The Court takes a dim view of this conduct and views such conduct with extreme disfavor. Consequently, this claim will be dismissed.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.

 The certified copy of the police report tendered by claimant appears to have been amended in the section labeled as “Contributing Circumstances.” It appears to the Court that two different typewriters were used on this report section and that white-out had been placed over the oval indicating “Left of Center” which had been previously marked.